UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORVAL Z. BURKE,<br><br>                     Plaintiff,<br><br>          v.<br><br>EL DORADO COUNTY SHERIFF'S OFFICE, et al.,<br><br>                     Defendants. | No. 2:23-cv-00789-TLN-JDP<br><br>**ORDER** |

      This matter is before the Court on Defendants El Dorado County Sheriff's Office and Sheriff Jeff Leikauf's (collectively, "County Defendants") Motion to Dismiss. (ECF No. 12.) Plaintiff Orval Z. Burke ("Plaintiff") filed an opposition. (ECF No. 13.) County Defendants filed a reply. (ECF No. 15.) Also before the Court is Defendant Deputy Terri Cissna's Motion to Dismiss. (ECF No. 18.) Plaintiff filed an opposition. (ECF No. 19.) Deputy Cissna filed a reply. (ECF No. 21.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Deputy Cissna's motion and GRANTS County Defendants' motion.

///

///

///

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges the El Dorado County Sheriff's Office seized his cell phone on October 24, 2019.  (ECF No. 1 at 4.)  Plaintiff further alleges Deputy Cissna authored a search warrant affidavit and a search warrant issued for Plaintiff's cell phone on November 7, 2019.  (*Id.*)  Plaintiff attached a copy of the search warrant and affidavit to the Complaint.  (*Id.* at 12–15.)  Plaintiff also attached a copy of a return of search warrant indicating Deputy Cissna executed a search of the cell phone on November 7, 2019.  (*Id.* at 15.)

Plaintiff alleges Defendants illegally searched his phone before the search warrant issued.[1] (*Id.* at 4.)  Plaintiff also alleges Defendants illegally searched his phone after the search warrant was issued by: accessing his cell phone throughout 2020; accessing and changing passwords to Plaintiff's Facebook page; accessing and downloading nude photographs of Plaintiff's wife; and using the phone at a private residence, where Deputy Cissna may have been present.  (*Id.* at 4–5.)

Plaintiff initiated this action on April 26, 2023, alleging three causes of action: (1) unreasonable search and seizure in violation of 42 U.S.C. § 1983 ("§1983") against Deputy Cissna; (2) unreasonable search and seizure in violation of California Constitution, Art. 1, §§ 1, 7, 13, and California Civil Code §§ 43, 52.1(b) against Deputy Cissna; and (3) a *Monell* claim against County Defendants.  (*Id.* at 7–10.)

County Defendants filed a motion to dismiss on October 13, 2023 (ECF No. 12), and Deputy Cissna filed a motion to dismiss on December 14, 2023 (ECF No. 18).  Both motions are brought pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (ECF Nos. 12, 18.)

### II.   STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the

---

[1]   Plaintiff specifically alleges Deputy Cissna was involved in the searches, but then refers to Defendants collectively throughout most of the Complaint.  (*See, e.g.*, ECF No. 1 at 4.)

2

1    defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic*
2    *v. Twombly*, 550 U.S. 544, 555 (2007).

3          On a motion to dismiss, the factual allegations of the complaint must be accepted as true.
4    *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every
5    reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*
6    *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege
7    "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to
8    relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

9          Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of
10   factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).
11   While Rule 8(a) does not require detailed factual allegations, "it demands more than an
12   unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A
13   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
14   elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678
15   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
16   statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences
17   are insufficient to defeat a motion to dismiss" for failure to state a claim.  *Adams v. Johnson*, 355
18   F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).

19         Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
20   facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim
21   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
22   reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at
23   680.  While the plausibility requirement is not akin to a probability requirement, it demands more
24   than "a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  Only where a
25   plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is
26   the complaint properly dismissed.  *Id.* at 680 (internal quotations omitted).

27         If a complaint fails to state a plausible claim, "'[a] district court should grant leave to
28   amend even if no request to amend the pleading was made, unless it determines that the pleading

3

could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**III.    ANALYSIS**

      A.    <u>Deputy Cissna's Motion to Dismiss</u>

Deputy Cissna argues the Court should dismiss Plaintiff's claims against her (Claims One and Two) because Deputy Cissna's search of Plaintiff's cell phone did not violate the search warrant. (ECF No. 18-1 at 2.) Specifically, Deputy Cissna argues the search warrant did not restrict access to the phone after November 7, 2019, did not restrict access to Plaintiff's Facebook page, did not restrict access to photos on the phone, and did not restrict an off-site search of the phone's contents and data. (*Id.* at 7.) Deputy Cissna also argues the allegation that Plaintiff's laptop may have been accessed is too speculative. (*Id.* at 10.) As for Plaintiff's allegations about searches that took place before the search warrant issued, Deputy Cissna argues such allegations are time-barred. (*Id.*) Lastly, Deputy Cissna argues there are various other deficiencies in Claim Two, which consists of an assortment of distinct state law claims. (*Id.* at 11–12.)

In opposition, Plaintiff only addresses Deputy Cessna's arguments about searches that took place after the search warrant was returned. More specifically, Plaintiff argues the validity of the search warrant expired once it was executed. (ECF No. 19 at 4–5 (citing *People v. James*, 219 Cal. App. 3d 414 (1990).) Plaintiff emphasizes that Deputy Cissna executed a return of search warrant on November 7, 2019, indicating the search was completed such that any search thereafter was unlawful. (*Id.*)

At the outset, the Court can consider the search warrant, affidavit, and return of search warrant without converting Deputy Cissna's motion into a motion for summary judgment because Plaintiff attached those documents to the Complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment.").

The search warrant, issued November 7, 2019, allowed a search of Plaintiff's cell phone for "digital evidence . . . for data activity date stamped between July 2016 through October 24,

4

1  2019." (ECF No. 1 at 12.) The search warrant stated such digital evidence included
2  photos/videos and communications on platforms such as Facebook that showed Plaintiff's
3  involvement in "possession, receipt, transfer, and concealment of stolen property, stolen vehicles,
4  stolen firearms, the possession of firearms or ammunition as a convicted felon, illegal deer
5  poaching and baiting activities, and evidence of . . . involvement in the theft and burglary
6  incidents from the properties described in th[e] affidavit." (*Id.* at 13.) The search warrant ordered
7  "all information that is unrelated to the search warrant shall be sealed and is not subject to further
8  review, use, or disclosure without a court order." (*Id.*) The search warrant authorized the cell
9  phone to be "searched at a secure location" and for the search to "continue beyond the ten-day
10 period beginning upon issuance of the Search Warrant, to the extent necessary to complete the
11 analyses." (*Id.*)

12 The Fourth Amendment guarantees "[t]he right of the people to be secure . . . against
13 unreasonable searches and seizures." U.S. Const. amend. IV. "[A] search or seizure pursuant to
14 an otherwise valid warrant is unreasonable under the Fourth Amendment to the extent it exceeds
15 the scope of that warrant." *United States v. Ramirez*, 976 F.3d 946, 952 (9th Cir. 2020).

16 Deputy Cissna acknowledges whether she violated the terms of the search warrant
17 depends on how the Court interprets the search warrant. (ECF No. 21 at 3.) Viewing the facts in
18 the light most favorable to Plaintiff, as the Court must at the pleading stage, the search warrant
19 limits the length, location, and object of the search. The Court concludes Plaintiff's allegations
20 about officers accessing and using Plaintiff's cell phone throughout 2020, accessing Plaintiff's
21 Facebook page in March 2020, downloading "extremely private intimate nude photographs of
22 Plaintiff's wife," and using the phone at a private residence all support a claim that the searches
23 exceeded the bounds of the search warrant. (ECF No. 1 at 4–5.) For example, there is at the very
24 least a reasonable inference that continued searches of the phone throughout 2020 were not
25 "necessary to complete the analyses," that a private residence is not a "secure location," and that
26 nude photographs of Plaintiff's wife were unrelated to the crimes that formed the object of the
27 search. (*Id.* at 13.) The Court also notes that Deputy Cissna fails to cite any authority to persuade
28 the Court that these allegations are insufficient to state a claim.

Accordingly, the Court DENIES Deputy Cissna's motion to dismiss Claim One as to allegations about searches of the cell phone after the search warrant issued. However, Deputy Cissna correctly points out that Plaintiff fails to respond to the remaining arguments regarding the search of Plaintiff's laptop, any searches that took place prior to the search warrant, and the various deficiencies in Claim Two. The Court deems Plaintiff's failure to oppose those arguments as a non-opposition. As such, the Court GRANTS Deputy Cissna's motion to dismiss Claims One and Two in all other respects. Based on the liberal standard in favor of granting leave to amend, the Court will give Plaintiff the opportunity to amend.

B. County Defendant's Motion to Dismiss

County Defendants argue the Court should dismiss Plaintiff's claim against them (Claim Three) because Plaintiff's *Monell* allegations are conclusory. (ECF No. 12-1 at 2.)

It is well-established that municipalities cannot be held liable under § 1983 for unconstitutional torts of their employees based solely on respondeat superior. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 693–94 (1978). Pursuant to *Monell*, a municipality is only liable under § 1983 when its own illegal acts are a "moving force" in the constitutional violation. *Id.* A plaintiff may assert *Monell* liability based on: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy"; or (4) where "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (citations omitted).

The allegations Plaintiff cites in opposition to support his *Monell* claim are conclusory. (ECF No. 13 at 4 (citing ECF No. 1 at ¶¶ 26, 27, 45, 47).) For example, in paragraph 27 of the Complaint, Plaintiff alleges his injuries are "a result of the lack of proper training, pursuant to a policy or custom, and/or the result of the lack of policy or custom." (ECF No. 1 at ¶ 27.) The same paragraph further alleges Sheriff Leikauf "is directly responsible for condoning known constitutionally deficient conduct . . . and for establishing policies, customs, or practices of action or inaction that cause or contributed to Plaintiff's injuries." (*Id.*) The Complaint is devoid of any

facts to support these conclusory allegations.  Similarly, the allegations under Plaintiff's *Monell* claim discuss "policies, customs, and/or practices" of County Defendants in a vague and conclusory manner.  (*Id.* at ¶ 45–49.)  Lastly, Plaintiff argues he "believes and alleges [County Defendants] have approved of similar unlawful searches and seizures prior to the subject search of Plaintiff's cell phone and computer."  (ECF No. 13 at 4.)  Plaintiff does not cite — nor can the Court locate — this allegation within the Complaint.  Even if it were present in the Complaint, that assertion without more is too conclusory to support a *Monell* claim.

Accordingly, the Court GRANTS County Defendants' motion to dismiss Claim Three with leave to amend.

### VI. CONCLUSION

The Court GRANTS County Defendants' motion with leave to amend.  (ECF No. 12.)  The Court also DENIES Deputy Cissna's Motion to Dismiss Claim One as to alleged searches of Plaintiff's cell phone that took place after the search warrant issued and GRANTS Deputy Cissna's Motion to Dismiss in all other respects.  (ECF No. 18.)  Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order.  Defendants shall file a responsive pleading not later than twenty-one (21) days from the electronic filing date of the amended complaint.  If Plaintiff opts not to file an amended complaint, the case will proceed on Plaintiff's remaining claim against Deputy Cissna, and Deputy Cissna shall file an answer not later than twenty-one (21) days from Plaintiff's deadline for filing an amended complaint.

IT IS SO ORDERED.

Date: April 30, 2024

Troy L. Nunley
United States District Judge