UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORVAL Z. BURKE,<br><br>  Plaintiff,<br><br>  v.<br><br>EL DORADO COUNTY SHERIFF'S OFFICE, et al.,<br><br>  Defendants. | No. 2:23-cv-00789-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Defendants El Dorado County Sheriff's Office and Sheriff Jeff Leikauf's Motion to Dismiss (collectively, "County Defendants").[1]  (ECF No. 25.) Plaintiff Orval Z. Burke ("Plaintiff") filed an opposition.  (ECF No. 26.)  County Defendants filed a reply.  (ECF No. 28.)  For the reasons set forth below, the Court GRANTS County Defendants' motion.

///

///

///

///

---

[1] The only remaining Defendant, Deputy Terri Cissna ("Deputy Cissna"), filed an answer and did not join in the instant motion. (ECF No. 24.)

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges the El Dorado County Sheriff's Office seized his cell phone on October 24, 2019. (ECF No. 23 at 4.) Plaintiff further alleges Deputy Cissna authored a search warrant affidavit and a search warrant issued for Plaintiff's cell phone on November 7, 2019. (*Id.*) Plaintiff alleges Defendants illegally searched his phone before the search warrant issued.[2] (*Id.*) Plaintiff also alleges Defendants illegally searched his phone after the search warrant was issued by: accessing his cell phone throughout 2020; accessing and changing passwords to Plaintiff's Facebook page; accessing data on Plaintiff's OnXHunt App; accessing and downloading nude photographs of Plaintiff's wife; and using the phone at a private residence, where Deputy Cissna may have been present. (*Id.* at 5–7.)

Plaintiff initiated this action on April 26, 2023. (ECF No. 1.) Plaintiff filed the operative First Amended Complaint ("FAC") on May 29, 2024. (ECF No. 23.) Plaintiff alleges three causes of action: (1) unreasonable search and seizure in violation of § 1983 against Deputy Cissna; (2) unreasonable search and seizure in violation of California Constitution, Art. 1, § 1 against Deputy Cissna; and (3) a *Monell* claim against County Defendants. (*Id.* at 8–10.) Deputy Cissna filed an answer on June 20, 2024. (ECF No. 24.) County Defendants filed the instant motion to dismiss on June 20, 2024. (ECF No. 25.)

### II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

///

---

[2] Plaintiff specifically alleges Deputy Cissna was involved in the searches, but then refers to Defendants collectively throughout most of the Complaint. (*See, e.g.*, ECF No. 23 at 4.)

2

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

3

**III.   ANALYSIS**

County Defendants argue the Court should dismiss Claim Three because Plaintiff's *Monell* allegations are conclusory. (ECF No. 25 at 2.)

It is well-established that municipalities cannot be held liable under § 1983 for unconstitutional torts of their employees based solely on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 693–94 (1978). Pursuant to *Monell*, a municipality is only liable under § 1983 when its own illegal acts are a "moving force" in the constitutional violation. *Id.* A plaintiff may assert *Monell* liability based on: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy"; or (4) where "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (citations omitted).

The precise basis for Plaintiff's *Monell* claim is unclear. In the original Complaint, Plaintiff asserted a *Monell* claim based on a policy, custom, or practice theory, which the Court dismissed with leave to amend. (ECF No. 22 at 7.) In the FAC, Plaintiff appears to have abandoned that theory and now alleges County Defendants are liable for directly delegating final policy-making authority to Deputy Cissna and ratifying her decision to conduct an unlawful search. (ECF No. 23 at ¶ 27.) The Court will address Plaintiff's allegations about ratification and express delegation in turn.

   A. <u>Ratification</u>

Under a ratification theory, a municipality may be liable if a policymaker, i.e., an official with final policy-making authority, ratified the unconstitutional conduct of a subordinate and the basis for it. *Gillette v. Delmore*, 979 F.2d 1342, 1346–48 (9th Cir. 1992). This requires both knowledge of the alleged constitutional violation and proof that the policymaker specifically approved the subordinate's conduct. *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). Ratification does not exist unless a policymaker engages in a "conscious, affirmative choice" to endorse a subordinate's conduct. *Gillette*, 979 F.2d at 1347; *see, e.g.*, *Wood v. Cnty. of*

*Stanislaus*, No. 1:20-cv-00770-TLN-BAM, 2022 WL 4237538, at *7 (E.D. Cal. Sept. 13, 2022) (concluding plaintiff successfully alleged ratification based on the Chief of Police's knowledge of repeated unlawful arrests and approval of an arrest warrant despite misleading statements and the existence of more plausible suspects).

In the FAC, Plaintiff alleges the Sheriff is an official with final policy-making authority who ratified and approved of Deputy Cissna's unlawful search and seizure. (ECF No. 23 at ¶¶ 27, 47.) Other than these conclusory allegations, Plaintiff does not cite — nor can the Court locate — any factual allegations in the FAC establishing the Sheriff engaged in a "conscious, affirmative choice" to endorse Deputy Cissna's conduct. *Gillette*, 979 F.2d at 1347. Further, Plaintiff does not raise any arguments about ratification in opposition to the motion to dismiss. Because Plaintiff does not raise arguments about ratification and the only allegations in the FAC about ratification are conclusory, the Court concludes Plaintiff fails to allege a ratification theory.

Accordingly, to the extent Plaintiff alleges a *Monell* claim based on ratification, the Court DISMISSES that claim. Based on the extremely liberal standard in favor of granting leave to amend, the Court will give Plaintiff an opportunity to amend.

### B. Express Delegation

An official who possesses final policy-making authority may delegate authority to a subordinate, but the policymaker must do more than merely delegate discretion to act. *Christie v. Iopa*, 176 F.3d 1231, 1236 (9th Cir. 1999). After all, if an employee's discretionary actions could establish a constitutional violation, the result would be indistinguishable from *respondeat superior* liability, which *Monell* expressly rejects. *Gillette*, 979 F.2d at 1347. For that reason, an official retains delegated final policy-making authority only when their discretionary decisions are unconstrained by external policies and unreviewable by authorized policymakers. *Christie*, 176 F.3d at 1236; *see, e.g*, *Hyland v. Wonder,* 117 F.3d 405, 415-16 (9th Cir. 1997) (concluding a Chief Juvenile Probation Officer acted with delegated final policy-making authority).

In opposition to the motion to dismiss, Plaintiff argues paragraphs 27, 45, 46, and 47 sufficiently allege the Sheriff directly and expressly delegated authority to Deputy Cissna to conduct the subject illegal search. (ECF No. 26 at 6.) Plaintiff specifically alleges the Sheriff is

1  an official with final policy-making authority over search execution procedures. (ECF No. 23 at

2  ¶ 45.) Plaintiff also alleges the Sheriff expressly delegated his final policy-making authority to

3  Deputy Cissna, resulting in the subject illegal search that ultimately violated Plaintiff's

4  constitutional rights. (*Id.* ¶¶ 27, 46, and 47.)

5  Plaintiff argues, among other things, that "these are not conclusory allegations" and

6  "[e]xpress delegation is express delegation." (ECF No. 26 at 5–6.) Plaintiff's assertions lack

7  clarity, and Plaintiff fails to cite authority to convince the Court there are sufficient factual

8  allegations that the Sheriff did more than merely delegate discretion to act. *Christie*, 176 F.3d at

9  1236. Absent meaningful argument to the contrary, the Court concludes Plaintiff fails to allege a

10  *Monell* claim based on express delegation.

11  Accordingly, the Court DISMISSES Plaintiff's *Monell* claim based on express delegation.

12  As with the ratification claim, the Court will give Plaintiff an opportunity to amend.

13  **VI.  CONCLUSION**

14  The Court GRANTS County Defendants' motion with leave to amend. (ECF No. 25.)

15  Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing

16  date of this Order. Defendants shall file a responsive pleading not later than twenty-one (21) days

17  from the electronic filing date of the amended complaint. If Plaintiff opts not to file an amended

18  complaint, the case will proceed on Plaintiff's remaining claims against Deputy Cissna, who has

19  already answered the FAC, and the Court will dismiss the Sheriff and County from this action.

20  IT IS SO ORDERED.

21  Date: February 10, 2025

23  _____
    TROY L. NUNLEY
24  CHIEF UNITED STATES DISTRICT JUDGE